UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| VERONICA ASHLEY,<br>Plaintiff,<br><br>V.<br><br>PARAMOUNT HOTEL GROUP, INC.; PARAMOUNT MANAGEMENT ASSOCIATES, LLC; FAIRFIELD INN BY MARRIOTT, Successors in Interest to Chalet Susse International, Inc.; JOHN DOE, Numbers 1 through 10,<br>Defendants. | : | C.A. No. 05-031L |

**AFFIDAVIT OF PHYLLIS DOLOFF**

I, Phyllis Doloff, under oath to depose and say as follows:

1. My name is Phyllis Doloff. I have been employed at Paramount Management Associates, LLC ("PMA" or "Paramount") since April 19, 2004. I have always held the position of Vice President of Human Resources. My primary responsibilities include development, imeplentation and management of the principal aspects of PMA's human resource functions (health and welfare benefits, 401(k) plan, employment policies and practices, facilitating employment related litigation, workers' compensation, unemployment, etc.).

2. PMA is a hotel management company. Paramount Hotel Group, Inc. is the parent company of PMA. Beginning in early 2000, all employees at the Warwick Susse Chalet were actually employees of PMA. They filled out Paramount applications, completed Paramount w-4 forms and received paychecks from Paramount. The Susse Chalet was simply a brand name and not a standalone corporation. In 2001, Paramount converted the Susse Chalet property and "reflagged" it as a Fairfield Inn by Marriott. Again, Fairfield Inn by Marriott is a brand name and not a corporation. All employees continued to be employed by PMA.

3. Plaintiff, who is African American, completed an application to work for Paramount as a housekeeper at the Susse Chalet in June of 2000.

4. Plaintiff worked for Paramount for nearly two years. In December of 2000, she received a warning for insubordination because she swore at her supervisor, Mr. Bellucci. In April of 2001, she received a warning and a suspension for failing to change a blood stained pillow case in one of the rooms Mr. Bellucci had assigned her to clean. Both of these incidents are documented; Plaintiff signed off on both warnings.

5. The documents in Plaintiff's personnel file state that Mr. Bellucci and Carlos Cerda, General Manager, terminated Plaintiff for failing to change the sheets in one of the rooms she was assigned to clean. Failing to change the sheets is a severe policy violation.

6. PMA has a record of positive treatment towards its minority employees. For example, during Plaintiff's employment, 12 (16.6%) of the approximately 72 employees employed at her hotel were Black/African American. Sixteen (22.2%) were Hispanic. Of the seven involuntary terminations at that hotel in 2002, two of the employees, including Plaintiff, were Black/African American; four were white and one was Hispanic.

7. PMA maintains stringent equal employment opportunity policies which provide for equal employment opportunities for all employees and applicants without regard to race, sex, religion, color, age, marital status, sexual orientation, national origin or disability.

8. On November 13, 2002, Plaintiff apparently filed a charge of discrimination against Fairfield Inn by Marriott with the Rhode Island Commission for Human Rights. She never filed a charge against PMA or the Paramount Hotel Group and the Commission never issued a right to sue notice against either of these entities.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY this 28th day of November, 2005.

Phyllis Doloff

STATE OF New Jersey

COUNTY of Essex

Subscribed and sworn to before me this 28th day of November, 2005.

Notary Public
My Commission Expires:

CHARLOTTE A. VAN DUYNE
Notary Public of New Jersey
My Commission Expires Mar. 9, 2010

CERTIFICATE OF SERVICE

I hereby certify that I caused to be sent by hand a copy of the within AFFIDAVIT OF PHYLLIS DOLOFF to Dawn Oliveri, Esq., 160 Plainfield Street, Providence, RI 02909 on this 29th day of November, 2005