**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF RHODE ISLAND**

RECEIVED
FEB 01 2006
Property of U.S. District Court
District of Rhode Island

VERONICA ASHLEY, )
Plaintiff )
)
vs. )
)
Paramount Hotel Group, Inc., ) C.A. 05-0031L
Paramount Management Associates, LLC, )
Fairfield Inn by Marriott, Successors in )
Interest to Chalet Susse International, Inc., )
John Doe, Numbers 1 through 10, )
Defendants )

**AFFIDAVIT OF PLAINTIFF, VERONICA ASHLEY**

NOW COMES the Plaintiff, VERONICA ASHLEY, and first being duly sworn upon oath, does depose and say as follows:

1. That I am the Plaintiff in the above-captioned matter and have personal knowledge of the facts hereinafter set forth;

2. That, I applied for a job at the former Susse Chalet in Warwick, Rhode Island;

3. That I applied for a job at what I believed to be Fairfield Inn by Marriott however, it is true that the employment application I completed did bear the Paramount Hotel Group logo;

4. That I was hired the day I applied as a Housekeeper;

5. That Dennis Bellucci was my immediate supervisor;

6. That Carlos Cerda was the General Manager;

7. That during my employment I received one Employment Evaluation in which Dennis Bellucci praised my work and noted that he rarely heard complaints from customers regarding my work;

8. That as time progressed I began to notice that Dennis Bellucci was singling me out for criticism and ridicule;

9. That Dennis Bellucci began to refer to me as Aunt Jemima;

10. That Dennis Bellucci would use the name Aunt Jemima when referring to me with customers and with my co-workers;

11. That I was embarrassed and humiliated by Dennis Bellucci's use of a racially-charged, derogatory term when referring to me;

12. That during the week of April 1, 2002 I was excluded from a staff meeting at which a vote was taken to ban head scarves;

13. That I would report to work as scheduled only to be sent home without pay for "lack of work;"

14. That I was accused of not changing bloody linen and when I asked to see the linen, I was told that it had been laundered;

15. That I was told a customer had filed a written complaint about the bloody linen but Defendants were unable to provide a copy of the "complaint;"

16. That, on April 11, 2002 I punched in and performed my housekeeping duties;

17. That at the end of my shift on April 11, 2002 Carlos Cerda, the General Manager informed me that I was terminated because Dennis Bellucci, my supervisor, had marked a sheet to test my work. Dennis claimed that the marked sheet was still on the bed in a room to which I was allegedly assigned. He claimed that, in addition to his ballpoint markings, there was also a pubic hair remaining on the sheet;

18. That I asked to see the sheet and I was informed by Dennis Bellucci that it, too, had been laundered;

19. That I asked why I had been allowed to complete my shift if my work was so clearly in violation of company policy and state regulations. Dennis said that they let me work that day because they were "short-staffed."

20. That I accused Dennis and Carlos of singling me out because I was black. Carlos then offered me my job back, this time he would be my direct supervisor rather than Dennis Bellucci.

VERONICA ASHLEY

STATE OF RHODE ISLAND }
COUNTY OF PROVIDENCE }

Subscribed and sworn to before me on this the 1st day of February, 2006..

NOTARY PUBLIC
My Commission Expires: